BARRY MCTIERNAN & MOORE LLC
COUNSELORS AT LAW
2 RECTOR ST. (101 GREENWICH ST.), 14th FLOOR
NEW YORK, NEW YORK 10006
TEL: (212) 313-3600
FAX: (212) 608-8901
FAX: (212) 608-8902 (TOXIC TORT)

WESTCHESTER OFFICE
55 CHURCH STREET
WHITE PLAINS, N.Y. 10601
TEL: (914) 946-1030
FAX: (914) 946-3814

NEW JERSEY OFFICE
15 QUAKER HILL LANE
RANDOLPH, N.J. 07869
TEL: (973) 366-1004
FAX: (212) 608-8901

May 2, 2018

**VIA ECF**

Magistrate Judge Steven Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   *Rizzuto v. Bill De Blasio, et al.*
       17-cv-7381 (ILG) (ST)

Dear Magistrate Tiscione:

The undersigned represents defendants Bill De Blasio, City of New York, and David A. Hansel in the action referenced above. The City Defendants respectfully request that the exhibits submitted with plaintiff's motion to compel disclosure at Doc. No. 43 be removed from the docket and that an Order be entered directing plaintiff to redact said exhibits in accordance with Fed. R. Civ. P. 5.2. Exhibits B - L to the motion contain dates of birth and the name of a non-party minor, all of which the plaintiff was required to redact under the Federal Rules before he publicly filed these documents. In addition, plaintiff's motion to compel should be denied entirely given his abject failure to abide by this Court's prior discovery order.

At the February 15, 2018 conference, the defendants were instructed to serve <u>but not file</u> their joint motion to disqualify. The plaintiff was then supposed to provide the defendants with a list of documents he believed were necessary to oppose the motion to disqualify so that any discovery issues could be addressed at the upcoming conference on May 8, 2018, and the rest of the briefing schedule could be finalized. *See* Doc. No. 31; Transcript for Civil Cause for Pre-Motion Conference, February 15, 2018, 17:24-18:9, 26:8-24. The defendants explicitly voiced confidentiality concerns at the February conference, but the plaintiff was nonetheless provided with a limited number of documents solely for the purpose of establishing the proper foundation to proceed with formal pre-answer motion practice. Pre-Motion Conference Transcript at 16:10-17:11. It is unclear why the plaintiff felt it appropriate to publicly file all of the defendants' exhibits[1].

---

[1] Exhibits A – L to the plaintiff's motion to compel are the same exhibits that were provided to plaintiff in connection with the defense motion to disqualify plaintiff's father from acting as his attorney.

It is equally unclear why the plaintiff moved to compel without first meeting and conferring, in violation of Local and Federal Civil Rules. In fact, the plaintiff has moved to compel disclosure of documents for which he served no demands whatsoever. The City Defendants simply cannot adequately respond or object to demands that were never made. Furthermore, plaintiff was given the opportunity to make a narrowly tailored request for the documents that he required in order to oppose the motion to disqualify. His demands were supposed to "be specific and only be with respect to that motion." *See* Pre-Motion Conference Transcript, 25:12-26:4. The plaintiff has chosen to outright ignore this directive and has instead made a frivolous motion to compel production of essentially every single document that any entity ever created for the Rizzuto family that remotely relates to the plaintiff's foster care regardless of its relevance to the motion to disqualify. Even then, plaintiff fails to identify specific documents. He only vaguely identifies over-broad categories of documents that may or may not exist without even attempting to justify the vast majority of his requests. The City Defendants did not "open the door" to any of this.

Given that fact discovery has not officially begun, the parties have not yet entered into a confidentiality order. Similarly, the City Defendants have not had a meaningful opportunity to be heard regarding their confidentiality concerns and potential objections to document production. They certainly did not consent to the public and unredacted filing of documents which were disclosed as a courtesy to the plaintiff to ensure that he is fully able to oppose the motion to disqualify his attorney. The City Defendants further note that some of the documents, including exhibits I and K, contain details regarding mental health treatment and therapy for non-parties. Again, the confidentiality concerns associated with this sort of material and how the parties will address such concerns over the course of fact discovery have not been discussed. The same is true for virtually all of the materials demanded in plaintiff's motion to compel and HIPAA-compliant authorizations will be required before disclosure.

The City Defendants therefore request that the Court remove the exhibits at issue from the docket and order plaintiff to properly redact them should he wish to re-file them. The City Defendants further respectfully request that the plaintiff's motion to compel be denied in its entirety. In the alternative, the City Defendants ask that plaintiff be ordered to serve actual demands so that the City Defendants have an adequate opportunity to respond. Should Your Honor have any questions or concerns, please do not hesitate to contact the undersigned. Thank you.

Respectfully Submitted,

Barry McTiernan & Moore LLC

*s/ Courtney Chadwell*
Courtney A. Chadwell

cc:

(by ECF)

Robert S. Delmond
Conway, Farrell, Curtin & Kelly, P.C.
Attorneys for Defendants
Robert J. McMahon and
SCO Family of Services
48 Wall Street, 20th Floor
New York, NY 10005
(212) 785-2929

Peter I. Livingston
Anderson Kill, P.C.
Attorneys for Defendants
Seymour W. James, Jr. and
Legal Aid Society
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1733

Donald N. Rizzuto
Attorney for Plaintiff
1 Sylvan Place, Suite 1B
Valley Stream, New York 11581
(917) 796-5682


(by Email)

Samuel Antupit & Loretta Antupit
Defendants
23 Mallard Drive
Avon, CT 06001
Antupit1@sbcglobal.net

3