P:\NYC\63297\MOTIONS\MTDQ\Reply MOL.docx
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MATTHEW RIZZUTO,

                                        Plaintiff,

                  -against-                                             17-CV-07381 (ILG)(ST)

BILL DE BLASIO, Individually and as Mayor of the
City of New York, THE CITY OF NEW YORK,
DAVID A. HANSEL., Individually and as
Commissioner, City of New York Administration For
Children's Services, CITY OF NEW YORK
ADMINISTRATION FOR CHILDREN'S SERVICES,
SEYMOUR W. JAMES, JR., Individually and as
Attorney-In-Chief of the Legal Aid Society, LEGAL
AID SOCIETY, ROBERT J. MAHON, Individually
And as Executive Director SCO Family of Services,
SCO FAMILY OF SERVICES f/k/a ST.
CHRISTOPHER OTTILIE, SAMUEL ANTUPIT and
LORETTA ANTUPIT,

                                        Defendants.
-------------------------------------------------------------X


**MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF A PRE-
ANSWER MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL ON BEHALF OF ALL
NAMED DEFENDANTS**


**BARRY McTIERNAN & MOORE LLC**
Courtney A. Chadwell, Esq.
Attorneys for Defendants
BILL DE BLASIO, CITY OF NEW YORK,
DAVID A. HANSEL, and CITY OF NEW
YORK ADMINISTRATION FOR
CHILDREN'S SERVICES
2 Rector Street (101 Greenwich St.)
14th Floor
New York, NY 10006
(212) 313-3600
File No.: NYC 63297

**CONWAY, FARRELL, CURTIN & KELLY, P.C.**
Robert S. Delmond, Esq.
Attorneys for Defendants
Robert J. McMahon and
SCO Family of Services
48 Wall Street, 20th Floor
New York, NY 10005
(212) 785-2929

**ANDERSON KILL P.C.**
Peter I. Livingston, Esq.
Attorneys for Defendants
Seymour W. James, Jr. and
Legal Aid Society
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1733

SAMUEL ANTUPIT & LORETTA ANTUPIT
Defendants
23 Mallard Drive
Avon, CT 06001

Table of Contents

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT.............................................................................................................................1

    **Disqualification is warranted due to a conflict of interest.** .......................................1

    **Disqualification is warranted under the advocate-witness rule.** .............................5

CONCLUSION.........................................................................................................................10

## Cases

*Acker v. Wilger*, No. 12 Civ. 3620 (JMF), 2013 WL 1285435 (S.D.N.Y. March 29, 2013) ..........1

*Air Italy S.p.A. v. Aviation Techs., Inc.*, No. 10-CV-20 (JG) (JMA), 2011 WL 96682 (E.D.N.Y. Jan. 11, 2011)...............................................................................................................................5

*Bakken Res., Inc. v. Edington*, No. 15-CV-08686 (ALC), 2017 WL 1184289 (S.D.N.Y. Mar. 29, 2017) ...........................................................................................................................................8

*Gabayzadeh v. Taylor*, 639 F.Supp.2d 298  (E.D.N.Y. 2009)........................................................4

*Gandler v. Nazarov*, No. 94 CIV. 2272 (CSH), 1994 WL 391665 (S.D.N.Y. July 28, 1994) ....6, 9

*Gen. Sec., Inc. v. Commercial Fire & Sec., Inc.,* No. CV-17-1194 (DRH) (AYS), 2017 WL 4119622 (E.D.N.Y. Sept. 15, 2017) ............................................................................................2

*Gleason v. Zocco*, 941 F. Supp. 32 (S.D.N.Y. 1996) ................................................................5, 6

*Hecklerco, LLC v. Yuuzoo Corp. Ltd.,* No. 15-CV-5779 (VM) (DF), 2016 WL 7742783 (S.D.N.Y. Dec. 16, 2016) ...........................................................................................................6

*Hull v. Celanese Corp.*, 513 F.2d 568 (2d Cir. 1975)....................................................................3

*Matter of Peter R.*, 8 A.D.3d 576 (2d Dept. 2004), *lv. to appeal dismissed,* 4 N.Y.3d 739 (2004) 3

*Murray v. Metropolitan Life Insurance Co.*, 583 F.3d 173 (2d Cir. 2009) .................................1, 6

*Noval Williams Films LLC v. Branca*, 128 F. Supp. 3d 781 (S.D.N.Y. 2015)...........................7, 9

*Perkins v. Am. Transit Ins. Co.*, No. 10 CIV. 5655 (CM) (RLE), 2011 WL 5051739 (S.D.N.Y. Oct. 24, 2011) ...........................................................................................................................8

*U.S. v. Kwang Fu Peng*, 766 F.2d 82 (2d Cir. 1985)....................................................................9

*United States v. Armedo-Sarmiento*, 524 F.2d 591 (2d Cir. 1975)................................................5

*Wachovia Bank, Nat. Ass'n v. Focus Kyle Grp., LLC,* 896 F. Supp. 2d 330 (S.D.N.Y. 2012) .......7

*Wheat v. United States*, 486 U.S. 153, 108 S. Ct. 1692 (1988) .....................................................3

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of all defendants named in this action (hereinafter referred to as "Joint Defendants") in reply to plaintiff's opposition to the Joint Defendants' motion to disqualify plaintiff's counsel ("Joint Memorandum"). Substantively, the plaintiff's opposition fails on several fronts, all of which are addressed in this reply. As a threshold matter, it must be emphasized that the parties are engaged in pre-answer procedural motion practice and discovery has not yet begun. There is simply no tactical advantage to be gained by the Joint Defendants in making this motion at such an early stage in the litigation. They have moved prior to the start of discovery precisely because they wish to limit any potential for disruption or delay. *Cf. Murray v. Metropolitan Life Insurance Co.*, 583 F.3d 173, 180 (2d Cir. 2009) (where plaintiff waited until five weeks before trial, the "lengthy and unexcused delay in bringing its motion to disqualify" suggested tactical motive); *cf. Acker v. Wilger*, No. 12 Civ. 3620 (JMF), 2013 WL 1285435, *2 (S.D.N.Y. March 29, 2013) (same, where party waited to raise advocate-witness concerns for almost eleven months, after discovery had closed and a schedule for summary judgment practice and trial had been set).

## ARGUMENT

**Disqualification is warranted due to a conflict of interest.**

Plaintiff's opposition references Mr. Rizzuto's immutable conflict of interest only in passing and fails to actually address the substance of the Joint Defendants' argument. A conflict of interest warranting disqualification is not limited to simultaneous representation or a breach of confidence as suggested by plaintiff. *See* Opposition, p. 22. Rather, disqualification is proper "where an attorney's conflict of interests undermines the court's confidence in the vigor of the attorney's representation of his client." *Gen. Sec., Inc. v. Commercial Fire & Sec., Inc.,* No. CV-

17-1194 (DRH) (AYS), 2017 WL 4119622, at *4 (E.D.N.Y. Sept. 15, 2017). The problem here is that Mr. Rizzuto seeks to represent equally compelling competing interests – his interests in defending his personal reputation against the numerous accusations levied against him by the Joint Defendants regarding his behavior and compliance during the nine years his children remained in foster care on the one hand and Matthew's separate interests in vigorously prosecuting his own constitutional claims on the other. The Joint Defendants fear that Matthew's interests will not prevail in this competition. Mr. Rizzuto's obvious interest in vindicating himself with respect to his actions during the underlying Family Court proceedings will prevent him from providing Matthew with the sort of independent and candid advice that Matthew will need to effectively litigate his claims. The relevant inquiry is therefore whether Mr. Rizzuto will be tempted to advance his interests at the expense of Matthew's interests during discovery and trial by focusing his litigation strategy and efforts on defending his own reputation. It is imperative that Matthew be represented by an attorney who has no personal stake in the proceedings which form the basis of his action to ensure that the Matthew's interests always take precedence over all other considerations throughout this litigation.

The Joint Defendants note that Matthew has asserted in his opposition papers that he would go so far as to waive his right to a jury trial to prevent his father from being disqualified as his counsel in this action. Declaration of Matthew Rizzuto, ¶11. This is a very troubling proposition given the context of this motion and it perfectly illuminates the nature of the conflict. Matthew has apparently been given legal advice, by the very individual whom the Joint Defendants have moved to disqualify, that he should offer to forego a jury trial in an effort to prevent the disqualification. While such a decision is certainly the plaintiff's prerogative, it is representative of how Mr. Rizzuto's conflict of interest casts a shadow over every piece of advice he offers to Matthew and

every choice Matthew makes while represented by his father. In addition, Matthew's purported willingness to waive certain rights does not prevent the Court from disqualifying Mr. Rizzuto if a conflict of interest even potentially exists:

> [T]he district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses.

*Wheat v. United States*, 486 U.S. 153, 163, 108 S. Ct. 1692, 1698 (1988).

Similarly problematic is the suggestion that Mr. Rizzuto should be permitted to represent Matthew during pretrial proceedings. *Id.*, ¶12. This misses the point entirely as it would require the Court and the parties to overlook Mr. Rizzuto's conflict of interest for months or even years of fact and expert discovery. Like the proposed waiver of a jury, the offer to eventually retain separate trial counsel does not alleviate the concerns attendant to the conflict of interest identified by the Joint Defendants. Such concerns will remain ever-present throughout the discovery process, calling into question every decision the plaintiff makes. At the very least, the evidence offered by the Joint Defendants casts significant doubt on the propriety of Mr. Rizzuto's representation of his son and such doubt should be resolved in favor of disqualification. *See Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975).

Most importantly, Mr. Rizzuto's conflict of interest is not merely hypothetical. The initial removal order explicitly naming Mr. Rizzuto a respondent and the Appellate Division ruling entering a finding of derivative neglect against him with respect to Matthew are in no way abstract or theoretical. Defense Exhibit A; *Matter of Peter R.*, 8 A.D.3d 576, 577-580 (2d Dept. 2004), *lv. to appeal dismissed,* 4 N.Y.3d 739 (2004). The numerous orders of protection entered against Mr. Rizzuto during the time his children were in foster care are not conjecture. Def. Exhs. B-D, F-G. There is also nothing speculative about the fact that the Joint Defendants have identified several

3

sworn submissions by attorneys who took part in various capacities in the Family Court proceedings which describe questionable behavior on the part of Mr. Rizzuto, behavior which affected the length of plaintiff's foster care placement and which Mr. Rizzuto will undoubtedly feel compelled to deny or justify throughout the course of this litigation. *E.g.*, Def. Exh. I, SCO0263, SCO0277-0290, SCO0295, SCO0297, SCO0305-0306, SCO0312-0313; Def. Exh. J, SCO0368; Def. Exh. K, SCO0130-0134. The underlying merits of Matthew's civil action and the ultimate truth or falsity of the allegations contained within the Joint Defendants' exhibits have exactly zero relevance to the question of whether there is a potential or actual conflict of interest. Plaintiff has continued his trend of prematurely advocating for the merits of his claims but it bears emphasis that the Joint Defendants have only moved to disqualify counsel; they have not moved to dismiss or for summary judgment. Regardless of his characterization of the various exhibits as "mere allegations" or his attacks on their probative value, the fact of the matter is that this documentation exists and it strongly supports the position that Mr. Rizzuto has a genuine conflict of interest that should prevent him from representing his son in this action.

Finally, Matthew concedes that he has no independent recollection of the Family Court proceedings. Declaration of Matthew Rizzuto, ¶¶4-5. Yet, as evidenced by plaintiff's emphasis on DR 5-102(b) over subsection (a)[1], one of only two witnesses who do have firsthand knowledge of the events in question who could testify on Matthew's behalf will not do so. Again, due to what is a very real conflict of interest, the concern is that this decision is not founded on Matthew's best interests in making a *prima facie* case so much as his father's interest in not being disqualified, thus allowing Mr. Rizzuto to continue his quest to absolve himself of any wrongdoing in relation to the Family Court action. This conflict will surely taint not just the trial but every single decision

---

[1] As noted in the Joint Memorandum, the Code of Professional Responsibility has been replaced by the Rules of Professional Conduct. *See, e.g., Gabayzadeh v. Taylor*, 639 F.Supp.2d 298, 303 (E.D.N.Y. 2009).

made by Mr. Rizzuto on Matthew's behalf during discovery as well as any future settlement negotiations, making the appearance of impropriety unavoidable and presenting a marked threat to the integrity of the adversarial process. The Second Circuit has indicated that District Courts have a responsibility to "avoid situations in which attorneys' conflicts of interest may…cast public doubt on the ethics of the legal profession and the integrity of the judicial process." *United States v. Armedo-Sarmiento*, 524 F.2d 591, 592–93 (2d Cir. 1975). In this case, the only way to avoid such a situation is to disqualify Mr. Rizzuto.

**Disqualification is warranted under the advocate-witness rule.**

Via the exhibits provided to the Court with their motion, the Joint Defendants have met their burden of demonstrating that

> [plaintiff's counsel's] extensive personal involvement in every aspect of the underlying controversies that led to this lawsuit require his disqualification, both because of the likelihood that he will be a necessary witness and because of the real and present danger that his personal interests will infringe on his professional representation in ways deleterious to his client.

*Gleason v. Zocco*, 941 F. Supp. 32, 35 (S.D.N.Y. 1996).

The Joint Defendants note that Mr. Rizzuto formally evinced an intent to refrain from trying the case *after* the Joint Defendants moved to disqualify him. The Joint Defendants nonetheless feel compelled to ensure that their position as to the advocate-witness rule implications has been fully developed in the event that Mr. Rizzuto is not disqualified prior to discovery and thereafter attempts to remain his son's attorney at the time of trial. If he were to represent Matthew at trial, the line between evidence and argument would be blurred because Mr. Rizzuto will be unable to call defense "testimony into question without his argument including (or appearing to include) statements of fact." *Air Italy S.p.A. v. Aviation Techs., Inc.*, No. 10-CV-20 (JG) (JMA), 2011 WL 96682, at *5 (E.D.N.Y. Jan. 11, 2011). Furthermore, all of the risks which the advocate-witness rule is designed to prevent are clearly present here, and are just as applicable to Mr.

Rizzuto's participation as counsel during pretrial discovery as they are to trial. *See Murray v. Metropolitan Life Insurance Co., supra*, at 178. The concerns underlying Rule 3.7(a) do not disappear even if they might be reduced or attenuated by Matthew obtaining new counsel at the conclusion of discovery to try the case. Mr. Rizzuto cannot be permitted to represent Matthew even during pretrial proceedings because "there is a real likelihood that the deposition testimony of some witnesses…could ultimately become trial testimony. Were that to happen, the jury might discover [counsel's] dual role as attorney-witness, the very evil" which the rule aims to prevent. *Gandler v. Nazarov*, No. 94 CIV. 2272 (CSH), 1994 WL 391665, at *3 (S.D.N.Y. July 28, 1994).

Mr. Rizzuto was a named respondent in the proceedings to which the plaintiff assigns constitutional deficiencies and Matthew's complaint asserts that the refusal to return him to his father was violative of his clearly established rights. Mr. Rizzuto was intimately involved with the Family Court proceedings and he possesses firsthand knowledge as to how events unfolded. It is inconceivable that plaintiff would argue that Mr. Rizzuto's unique knowledge and personal recollection of his own actions, which could presumably serve as a rebuttal to assertions that Mr. Rizzuto himself was partially responsible for Matthew's extended foster care placement, is somehow not useful to his case. As noted in the opposition, he should therefore be disqualified regardless of whether he will be called to testify. Opposition, p. 13; *accord Gleason, supra*, 941 F.Supp. 32, 36 (an advocate-witness should be disqualified regardless of whether he will actually be called if his testimony could be significantly useful to his client). However, given plaintiff's focus on the elements of necessity and prejudice, he has apparently made up his mind that he will not call his father as a witness on his behalf. *E.g., Hecklerco, LLC v. Yuuzoo Corp. Ltd.,* No. 15-CV-5779 (VM) (DF), 2016 WL 7742783, at *4 (S.D.N.Y. Dec. 16, 2016) (the necessity of the testimony and substantial likelihood of prejudice to the advocate-witness's client must be

6

demonstrated "where only the moving party intends to call the adversary's attorney as a witness").

When determining whether the testimony to be provided by the advocate-witness is necessary, relevant facts to consider include "the significance of the matters, weight of the testimony, and availability of other evidence." *Id.* All of these factors tip strongly in favor of disqualification. Again, Mr. Rizzuto's integral role as one of two respondents in the proceedings alleged to be constitutionally infirm adds weight to his testimony. He was not simply a bystander or disinterested third party with respect to the challenged proceedings and events. His testimony will not be merely cumulative or corroborative because he occupies the unique position of having been a respondent throughout the entire nine years that the Family Court action lasted. Mr. Rizzuto's testimony will address the very heart of this dispute (i.e., whether there was a constitutionally-sound basis for keeping plaintiff in foster care). It will be the best evidence regarding his own actions, his own responsibility for the continued foster care placement, and his own compliance with the service plan. *See Noval Williams Films LLC v. Branca*, 128 F. Supp. 3d 781, 791 (S.D.N.Y. 2015) (granting disqualification motion in a case dealing with copyright infringement where defendants showed that the attorney's involvement in relevant events was more than minimal and he might "be in the best, or only, position to testify about aspects of the footage and photo licensing agreements, given his direct involvement therein"); *c.f. Wachovia Bank, Nat. Ass'n v. Focus Kyle Grp., LLC,* 896 F. Supp. 2d 330, 331–32 (S.D.N.Y. 2012) (declining to disqualify attorney where the movant failed to demonstrate that the attorney possessed "any unique knowledge regarding significant facts that will be presented at trial"). The Joint Defendants do not simply contend that Mr. Rizzuto possesses discoverable knowledge but that "trial of the case will in fact require his testimony" and that there are no adequate substitutes for his testimony. *Bakken Res., Inc. v. Edington*, No. 15-CV-08686 (ALC), 2017 WL 1184289, at

*3 (S.D.N.Y. Mar. 29, 2017). Plaintiff himself even seems to recognize the necessity of Mr. Rizzuto's unique knowledge. Opposition, p. 20; *accord* Declaration of Matthew Rizzuto, ¶7, ¶¶9-10.

As previously indicated, the exhibits accompanying the Joint Memorandum do not constitute the full record maintained by the Joint Defendants. This is a pre-answer motion and the parties are limited with respect to the documents that can be relied upon in support. The Joint Defendants therefore endeavored to provide some solid documentation of the issues and behavior underpinning the conflict so that the Court was not forced to rely solely on the assertions of counsel, while still staying within the acceptable evidentiary bounds of pre-answer motion practice. However, even this limited offering proves that Mr. Rizzuto's testimony poses a legitimate threat to Matthew's case. Mr. Rizzuto's testimony could essentially defeat Matthew's claims and it is therefore highly likely that his testimony will be prejudicial to Matthew. *Perkins v. Am. Transit Ins. Co.*, No. 10 CIV. 5655 (CM) (RLE), 2011 WL 5051739, at *3 (S.D.N.Y. Oct. 24, 2011) (disqualification granted based on "substantial *possibility* of prejudice" to the client of the advocate-witness where client's claims could be effectively defeated by testimony (emphasis added)).

The plaintiff has consistently claimed that everything was adjudicated in Mr. Rizzuto's favor, that Mr. Rizzuto fully complied with the service plan, and that Mr. Rizzuto never acted in a manner that should have prevented his children's return to his custody. The Family Court documents submitted by the Joint Defendants tell a different story. When Mr. Rizzuto testifies, one of two situations will occur and both carry with them the substantial likelihood that Matthew will be prejudiced. The first possibility is that Mr. Rizzuto will insist that he did absolutely wrong and the Joint Defendants deliberately engaged in a shadowy conspiracy with the Family Court to

8

keep Matthew from his parents without an objectively reasonable basis for almost a decade, thereby violating Matthew's clearly established constitutional rights. If he does so and there is even the slightest question as to his credibility, Matthew will be prejudiced. Given that such testimony would exist in the face of admissible proof to the contrary in the form of Family Court records and the Joint Defendants' business records, issues regarding credibility are inevitable. The other option is that Mr. Rizzuto will be forced to admit that he engaged in at least some behavior during the Family Court proceedings which delayed the children's discharge from foster care, in which case Matthew certainly would have an interest in independently addressing his father's adverse testimony.

Finally, the argument that Mr. Rizzuto's disqualification will cause plaintiff substantial hardship is unpersuasive. "Because of the strong policy considerations in support of the advocate-witness rule, courts have given the substantial hardship exception a very narrow reading." *Noval Williams Films LLC*, *supra*, 128 F.Supp at 791. The plaintiff has set forth two reasons why the disqualification of his father would constitute a substantial hardship: Mr. Rizzuto's comprehensive knowledge of and experience with the underlying Family Court proceedings, which other potential attorneys lack, and the cost of retaining new counsel. Opposition, p. 20; Docket Entry (DE) #28, p. 5. Neither of these excuses are compelling enough to prevent disqualification. It is well established that financial reasons alone cannot prevent disqualification. *E.g., Noval Williams Films LLC,* at 791-792; *U.S. v. Kwang Fu Peng*, 766 F.2d 82, 86 (2d Cir. 1985). The argument that no other attorney can competently represent Matthew due to the lack of personal involvement in, or knowledge of, the Family Court proceedings is equally unavailing. *Cf. Gandler, supra*, 1994 WL 391665, at *2-3 (in contractual dispute with hockey player, the argument that the advocate-witness should not be disqualified because he possessed special knowledge of the hockey industry, hockey

commission disputes, and his clients' business was meritless). No exception should be made with respect to Mr. Rizzuto's otherwise warranted disqualification.

## <u>CONCLUSION</u>

Whether under the advocate-witness rule or because of his conflict of interest, Mr. Rizzuto should be disqualified. That Mr. Rizzuto's continued representation will undermine the integrity of the adversarial process is far from speculative. Based on the foregoing, the Joint Defendants respectfully request that the Court grant their motion to disqualify plaintiff's counsel, and for such further relief as this Court deems just and necessary.

Dated: July 21, 2018
    New York, New York

                *s/ Courtney A. Chadwell*
                COURTNEY A. CHADWELL

                *s/ Robert S. Delmond*
                ROBERT S. DELMOND

                *s/ Peter I. Livingston*
                PETER I. LIVINGSTON

                *s/ Samuel Antupit*
                SAMUEL ANTUPIT

                *s/ Loretta Antupit*
                LORETTA ANTUPIT

AFFIRMATION OF SERVICE

STATE OF NEW YORK          )
                           )          ss.:
COUNTY OF NEW YORK    )

      Courtney A. Chadwell, an attorney duly admitted to practice law in the State of New

York, hereby affirms the following under penalty of perjury:

      I am not a party to this action, am over 18 years of age and reside in Brooklyn, New York.

      That on July 21, 2018, a true copy of the annexed **MEMORANDUM OF LAW IN**

**REPLY AND IN FURTHER SUPPORT OF A PRE-ANSWER MOTION TO DISQUALIFY**

**PLAINTIFF'S COUNSEL ON BEHALF OF ALL NAMED DEFENDANTS** was served in

the following manner upon:

DONALD N. RIZZUTO, ESQ.
Attorney for Plaintiff
1 Sylvan Place, Suite 1B
Valley Stream, New York 11581
Robert S. Delmond, Esq.

CONWAY, FARRELL, CURTIN\
& KELLY, P.C.
Attorneys for Defendants
ROBERT J. McMAHON and
SCO FAMILY OF SERVICES
48 Wall Street, 20th Floor
New York, NY 10005
(212) 785-2929

Peter I. Livingston, Esq.
ANDERSON KILL P.C.
Attorneys for Defendants
SEYMOUR W. JAMES, JR. and
LEGAL AID SOCIETY
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1733

SAMUEL ANTUPIT & LORETTA
ANTUPIT
Defendants
23 Mallard Drive
Avon, CT 06001

by electronically filing same via the Electronic Court Filing website to all attorneys of record, and

mailing a courtesy copy of same in a sealed envelope, with postage prepaid thereon, in a post-

office or official depository of the U.S. Postal Service within the State of New York, addressed to

the last known address of the addressee(s) as indicated above:

                                   _____
                                       Courtney A. Chadwell

17-CV-07381-ILG-ST
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MATTHEW RIZZUTO,

                                Plaintiff,

        -against-

BILL DE BLASIO, Individually and as Mayor of
The City of New York, THE CITY OF NEW YORK,
DAVID A. HANSEL, Individually and as
Commissioner, CITY OF NEW YORK
ADMINISTRATION FOR CHILDREN'S
SERVICES, SEYMOUR W. JAMES, JR.,
Individually and as Attorney-In-Chief of The
Legal Aid Society, LEGAL AID SOCIETY,
ROBERT J. MAHON, Individually and as
Executive Director SCO Family of Services,
SCO FAMILY OF SERVICES f/k/a ST.
CHRISTOPHER OTTILIE, SAMUEL ANTUPIT
And LORETTA ANTUPIT,

                               Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF A PRE-ANSWER MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL ON BEHALF OF ALL NAMED DEFENDANTS

**BARRY McTIERNAN & MOORE LLC**
Attorneys for Defendants
BILL DE BLASIO, DAVID A. HANSEL
and THE CITY OF NEW YORK (s/h/a THE CITY OF NEW YORK
and ADMINISTRATION FOR CHILDREN'S SERVICES)
101 Greenwich Street, 14th Floor