**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

MATTHEW RIZZUTO; PETER RIZZUTO;
STACEY RIZZUTO; AND DONALD RIZZUTO,

                Plaintiffs,                  **REPORT AND RECOMMENDATION**

    v.                                                    17-CV-7381 (DG) (ST)

THE CITY OF NEW YORK; THE CITY OF NEW
YORK ADMINISTRATION FOR CHILDREN'S
SERVICES; SCO FAMILY OF SERVICES; SUSAN
DOERRBECKER; JEFFREY BLINKOFF; AND
CARRIERI & CARRIERI, P.C.,

                Defendants.
-------------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

       Plaintiffs Matthew Rizzuto ("Matthew"), Peter Rizzuto ("Peter"), Stacey Rizzuto ("Stacey"), and Donald Rizzuto ("Donald") (collectively, "Plaintiffs") filed this action alleging civil rights violations against Defendants The City of New York ("NYC"), The City of New York Administration for Children's Services ("NYCACS"), SCO Family of Services ("SCO"), Susan Doerrbecker ("Doerrbecker"), Jeffrey Blinkoff ("Blinkoff"), and Carrieri & Carrieri, P.C. ("Carrieri"), (collectively, "Defendants").

       Defendants NYC and NYCACS move to dismiss (i) Plaintiffs Stacey and Donald's civil rights claims as time barred; (ii) Plaintiffs Stacey and Donald's state law claims for their failure to comply with notice of claim requirements; and (iii) Plaintiff Peter's state law claims for failure to appear for a hearing.

       Defendant SCO separately moves to dismiss Plaintiffs Stacey and Donald's claims stated in the FAC as time barred.

Defendants NYC, NYCACS, and SCO are collectively referred to as the Moving Defendants.

The Honorable Diane Gujarati referred the Moving Defendants' Motions to Dismiss to the undersigned to issue a Report and Recommendation.

For the reasons set forth below, this Court respectfully recommends that Defendants NYC and NYCACS' Motion to Dismiss be GRANTED and Defendant SCO's Motion to Dismiss be GRANTED.

## I.  BACKGROUND

### A.  Factual Background

Plaintiff Matthew, currently a twenty-two-year-old, and Plaintiff Peter, currently a nineteen-year-old, are brothers/siblings, residing in the Eastern District of New York.  FAC ¶¶ 1-3, DE 86.  Matthew and Peter were minors during the period of time when relevant facts and circumstances occurred.  *Id*.

Plaintiff Stacey is the birth mother and Plaintiff Donald is the birth father of Matthew and Peter.  *Id*. ¶¶ 4-6.  Stacey and Donald have been and remain married at all times relevant to this action and reside in the Eastern District of New York.  *Id*.

Defendant NYC is a municipal corporation organized and existing under the laws of the State of New York.  *Id*. ¶ 7.  Defendant NYCACS is an agency of Defendant NYC.[1]  *Id*. ¶ 8.

---

[1] It is well settled that an administrative agency of a municipal government lacks the capacity to be sued.  Defendant NYCACS argues that it was improperly named in the Complaint.  *See* Def NYCACS's Mem. of Law at 1, DE 128-2, *citing Houston v. Nassau County*, No. 08–CV–0882(JFB)(WDW), 2009 WL 605178 at 2-3 (E.D.N.Y. Mar. 6, 2009).  Plaintiffs agree and have no objection to removing Defendant NYCACS from the case caption.  Thus, Plaintiffs' causes of action against Defendant NYCACS are deemed to have been solely interposed against Defendant NYC.

Defendant, SCO, is a not-for-profit social service provider working in the City of New York and Long Island. *See* SCO's Mot. to Dimiss, Mem. of Law at 1, DE 129-3. SCO provides foster care services, to the City of New York, pursuant to a contract with the NYCACS. *Id.*

This action arises out of Matthew and Peter's placement in foster care, which lasted for about nine years. *See* FAC at 7-8; *see also* Defs. NYC and NYCACS Mem. of Law at 2, DE 128-2. The placement in foster care occurred when Matthew was roughly three years of age and Peter was roughly ten months of age, after Peter sustained a severe head injury. *See* FAC ¶ 16. The Family Court ordered removal of the children as they were deemed to be in imminent risk of harm. *Id.* ¶ 28. The initial removal order was signed on November 15, 2001. *See* Removal Order, DE 128-4; *see also* Defs. NYC and NYCACS Mem. of Law at 2, DE 128-2. This Order directed Matthew and Peter's removal from the custody of their parents, Stacey and Donald, and remanded them to the custody of NYCACS. FAC ¶ 16. On November 16, 2001, Defendant NYCACS placed them in foster care with Defendant SCO. *See* Defs. NYC and NYCACS Mem. of Law at 2, DE 128-2. Subsequently, SCO sought a kinship foster care placement. *Id.* The children were placed in the care of their paternal grandmother. *Id.* At some time during the placement, the paternal grandmother indicated she could no longer care for the children and the kinship foster care placement was transferred to the maternal grandparents. *Id.*

The Appellate Division, Second Department, ultimately found that both parents had abused and/or neglected Peter based on the multiple and varying explanations that were provided regarding how Peter's skull was fractured, none of them plausible. *In Re Peter R.*, 8 A.D.3d 576, 577- 580 (2d Dept. 2004), lv. to appeal dismissed, 4 N.Y.3d 739 (2004). The Appellate Division further held that the birth parents had derivatively neglected Matthew. *Id.*

3

Following the Second Department's findings, numerous Orders of Protection were entered over the next several years primarily against Matthew and Peter's father, Donald, barring him from assaulting, harassing, menacing or otherwise having contact with the foster parents, Samuel and Loretta Antupit. *See* Temporary Orders of Protection, DE 128-3,5,6,7. These Orders limited Donald's interaction with Matthew and Peter and allowed for only supervised visitation. *Id*. Permanency hearings and the resultant Orders further reiterated that Matthew and Peter were only permitted to have supervised contact with their parents. *See* Orders, DE 128-8,13. In 2006, the Family Court suspended all contact between the children and their parents for an extended period of time. FAC ¶¶ 78, 84; See Orders, DE 128-7,8,11.

In July 2010, an Order of Disposition was eventually issued, which allowed Matthew and Peter to return to their parents. *See* Def. NYC's Mot. to Dismiss, Order of Disposition, DE 128-12.

### B. Procedural Posture

On December 19, 2017, the instant lawsuit was initially brought by Matthew alleging, *inter alia*, civil rights violations and negligence. DE 1. Subsequently, Matthew filed the FAC to amend the claims on his behalf, and include additional parties like his brother Peter, and their parents Stacey and Donald. DE 86.

The FAC seeks damages for violations of Plaintiffs' procedural and due process rights. *Id*. Plaintiffs further allege violations of state law including duty of care, malicious prosecution and abuse of process. *Id*.

### II. LEGAL STANDARD

"A motion to dismiss on statute of limitations grounds is properly viewed as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Ruane*

4

*v. County of Suffolk*, 923 F.Supp.2d 454, 458 (E.D.N.Y. 2013); *Jowers v. Lakeside Family & Children's Svcs.*, 435 F.Supp.2d 280, 283 (S.D.N.Y.2006) (internal quotation marks omitted); accord *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir.1989). Because there is no federal statute of limitations governing actions brought pursuant to Section 1983 actions, courts apply the forum state's general personal injury statute of limitations. *Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d Cir.1994). In an action arising in New York pursuant to Section 1983, the applicable statute of limitations is "borrowed from New York's general statute of limitations for personal injury actions," which is three years. *Blankman v. Cnty. of Nassau*, 819 F.Supp. 198, 206 (E.D.N.Y.1993) (citing *Gleason v. McBride*, 869 F.2d 688, 695 (2d Cir.1989)); *see also Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir.1997) ("New York's three-year statute of limitations for unspecified personal injury actions, New York Civil Practice Law and Rules § 214(5), governs section 1983 actions in New York."). "The three-year limitations period applies regardless of whether Plaintiff seeks legal, equitable, or declaratory relief." *3 Levine v. McCabe*, 357 F.Supp.2d 608, 614 (E.D.N.Y.2005). As for accrual, "[f]ederal law determines when a section 1983 cause of action accrues." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir.2002). The Second Circuit has ruled that accrual occurs "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of N.Y.*, 632 F.2d 185, 191 (2d Cir.1980).

When assessing a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint states a legally cognizable claim by making allegations that, if proven, would show that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

5

(2009) (quoting *Twombly*, 550 U.S. at 570).  A complaint successfully states a claim when there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  There are "[t]wo working principles" that guide this analysis: "First, the court must accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving party," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss, and this determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Giambrone v. Meritplan Ins. Co.*, 13-CV-7377 (MKB) (ST), 2017 WL 2303980, at *3 (E.D.N.Y. Feb. 28, 2017) (internal quotation marks, citation omitted), *adopted by* 2017 WL 2303507 (E.D.N.Y. May 24, 2017).  Although this Court is limited to facts as stated in the complaint, it may consider exhibits or documents incorporated by reference. *See Int'l Audiotext Network, Inc. v. AT&T*, 62 F.3d 69, 72 (2d Cir. 1995).

### III.   DISCUSSION

#### A.  Plaintiffs Stacey and Donald's Claims are Time Barred

The FAC includes claims on behalf of the parents, Stacey and Donald, alleging civil rights violations pursuant to § 1983. *See* FAC at 56-58.  Stacey and Donald further allege violations of state law including breach of duty of care, malicious prosecution and abuse of process. *Id.* at 59-60.

Pursuant to New York Civil Practice Law and Rule ("CPLR") 214, the cause of action for personal injuries must be filed within three years. *See* NYCPLR 214.  New York's statute of limitations under CPLR 214 is also applicable to § 1983 federal actions. *See Owens v. Okure*, 488 U.S.235, 251 (1989); *Ormiston*, 117 F.3d 69, 71; *Phillips v. City of New York*, 304 F.Supp.3d 305, 311 (E.D.N.Y. 2018); *Dellinger v. Town of Huntington*, 2018 WL 6576051

6

(E.D.N.Y. 2018). This is because for § 1983 actions, "the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions.'" *Ormiston*, 117 F.3d 69, 71 (citations omitted); *see also Blankman v. Cnty. of Nassau*, 819 F.Supp. 198, 206 (E.D.N.Y. 1993).

When Stacey and Donald's claims accrued, however, is a more complex question. The accrual date of a § 1983 cause of action is a question of federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). A section 1983 claim "accrues once the 'plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir.1994) (quoting *Singleton*, 632 F.2d at 191). In other words, "the claim accrues when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm." *Veal*, 23 F.3d at 724. This concept of accrual is known as the "discovery rule." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir.2002).

Here, Stacey and Donald Rizzuto allege violations pursuant to 42 U.S.C. § 1983 and New York state law claims, which are barred by the applicable three-year statute of limitations. Stacey and Donald Rizzuto's children, Matthew and Peter, were removed from their custody in 2001. FAC ¶ 20. An Order of Disposition was eventually issued, which allowed Matthew and Peter to return to their parents on July 12, 2010. *See* Def. NYC's Mot. to Dismiss, Order of Disposition, DE 128-12. Thus, any cause of action which Stacey and Donald Rizzuto may have potentially had would, at best, have accrued on July 12, 2010. Exh. A, ¶ 16 et seq; 148. The instant action was filed on December 19, 2017, more than seven years after the latest date on which these causes of action could have accrued. Moreover, the FAC including Stacey and Donald as additional parties was filed on October 13, 2020, alleging claims with events that

7

occurred well over 10 years ago. On their face, these claims are clearly beyond the three-year statute of limitations.

In their opposition, Stacey and Donald argue that the Court should apply the relation back doctrine and consider their claims as timely. Federal Rules of Civils Procedure ("FRCP") govern the relation back of amended pleadings to the original pleading for statute of limitations purposes. *Levy v. U.S. General Accounting Office*, 97 Civ. 4016 (MBM), 1998 WL 193191, at 5 (S.D.N.Y. Apr. 22, 1998). In order for an amendment which adds a new plaintiff to "relate back" to the original complaint, the requirements of FRCP 15(c)(1)(C) should be satisfied. *Hogan v. Fischer*, 738 F.3d 509, 517. Those requirements are:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and ... [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and ... the original complaint [was] filed within the limitations period.

*Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468–69 (2d Cir.1995); Fed. R. Civ. Pro. 15(c)(1); *Hogan*, 738 F.3d at 517 (FRCP 15(c)(1)(C) provides the federal standard for relation back). FRCP 15(c)(1)(C), which typically governs relation back when an amendment changes the named defendants, also applies to a change of named plaintiffs. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997) (holding Rule 15(c) applies to a change in plaintiffs).

"[C]ourts in this Circuit have differed as to whether Rule 15(c)[(1)(C)(ii)] requires that the omission of the new plaintiff from the original pleading be the result of a mistake." *Merryman v. J.P. Morgan Chase Bank, N.A.*, 319 F.R.D. 468, 472-73 (E.D.N.Y. 2017) (citations omitted). While several courts in this Circuit have addressed the "mistake" requirements, "most district courts in this Circuit have followed the Second Circuit and have required a mistake in

8

order to relate back the claims of a newly added plaintiff." *Id*.; *see Levy v. United States GAO*, 175, F.3d 254, 255 (2d Cir. 1999). As the Second Circuit noted:

> [T]he relation back rule is intimately connected with the statute of limitations. It is designed to operate equally with that statute, to accommodate the statute of limitations policies that prevent stale claims from being litigated, and permit their repose. Clearly the relation back rule was not designed to provide a means to circumvent or expand the limitations period.

*In re Allbrand Appliance & Television Co.*, 875 F.2d 1021, 1025 (2d Cir.1989) (quotations omitted). Here, Stacey and Donald do not meet the requirements for relation back because although Rule 15(c)(1)(C) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties, the failure to identify Stacey and Donald when Matthew and Peter knew that their parents should have been named cannot be characterized as a mistake. As such, there is no evidence to suggest that there was any inability to identify proper parties and no reasonable explanation was provided as to why Donald and Stacey could not serve a complaint prior to the expiration of the statute of limitations. To allow Donald and Stacey Rizzuto's claims to relate back to the filing of the original complaint, when their claims were barred, would be patently unfair and circumvent the purpose of the statute of limitations. *See e.g., Wilder v. News Corp.*, No. 11 CIV. 4947 (PGG), 2015 WL 5853763, at 16 (S.D.N.Y. Oct. 7, 2015) (holding the weight of authority indicates that relation back for new plaintiffs is permitted only when the omission of the newly added plaintiffs from the timely-filed complaint was a mistake).

On the contrary, it seems like it was a deliberate decision to bring an action singularly on behalf of Matthew because Donald was acting as attorney for Matthew at the time of the original filing and was only removed after the parties engaged in motion practice. Accordingly, failure to include Stacey and Donald in the original Complaint cannot be categorized as a mistake. *See*

9

*e.g.*, *Charlot v Ecolab*, Inc., 97 F.Supp.3d 40, 71 (E.D.N.Y. 2015) (the court denied the plaintiff's motion to "relate back" the new plaintiffs' claims, and concluded that there was a "strategic decision" not to name the additional plaintiffs, thus "[t]he plaintiffs could not 'circumvent the statute of limitations, adding new parties and new claims,' notwithstanding that the claims concerned the same events."); *Young v. Lepone*, 305 F.3d 1, 15–16 (1st Cir. 2002) ("flatly reject[ing] the proposition that relation back is available merely because a new plaintiff's claims arise from the same transaction or occurrence as the original plaintiff's claims" and "repudiat[ing] the conceit that an action filed by one plaintiff gives a defendant notice of the impending joinder of any or all similarly situated plaintiffs," as "[s]uch a rule would undermine applicable statutes of limitations and make a mockery of the promise of repose"); *Kahn v. Chase Manhatan Bank, N.A.*, No. 90 Civ. 2824(LMM), 1995 WL 491067, at 3 (S.D.N.Y. Aug. 17, 1995) ("The spirit and the letter of statutes of limitations require the [c]ourt to recognize a defendant's interest in foreclosing claims by additional plaintiffs arising out of identical but separate acts.").

Thus, this Court respectfully recommends Plaintiffs Donald and Stacey should not be entitled to relate their long-time barred claims to the filing of the original complaint and their claims stated in the FAC should be dismissed.[2]

---

[2] Notably, even if the claims of Stacey and Donald could be related back to the filing of the original complaint in 2017, they would still be well beyond the three-year statute of limitations, which expired no later than July 12, 2013 as to these claims. The original complaint filed by Matthew Rizzutto only survives the same statute of limitations bar because he was a minor at the time that his causes of action accrued and New York law provides for a safe harbor period after a minor becomes an adult in which the minor can still bring suit for causes of action that accrued while the plaintiff was a minor. The fact that *Matthews* claims are not time barred, however, does not convey the same status on his parents' claims. Relation back would serve only to stop the running of the statute of limitations from the date on which the original complaint was filed. Even if Stacey and Donald had filed their claims in December 2017, at the same time as the initial complaint in this matter, they would still be several years beyond the three-year statute of limitations. Since the parties have not specifically briefed this issue, the Court only identifies this issue as an additional reason why Stacey and Donald's claims should be considered time barred.

### B. Alternatively, Plaintiffs Stacey and Donald's State Law Claim for Negligence Should be Dismissed for Failure to Serve a Notice of Claim

Defendant NYC argues that Stacey and Donald's claims should be dismissed for their failure to comply with notice of claim requirements. Stacey and Donald argue that such conditions do not apply to their claims.

In federal court, state notice of claim requirements applies to state law claims. *Reyes v. City of New York*, 992 F. Supp. 2d 290, 300 (S.D.N.Y. 2014), *see also Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). In order to maintain a state law claim against a New York municipality or any of its officers, agents, or employees acting within the scope of their employment, a plaintiff must have served a "notice of claim" upon the municipality within 90 days of the date of accrual of the cause of action. N.Y. Gen. Mun. L. §§ 50-e, 50-i(1)(b); *see also Przybyla v. County of Suffolk*, No. 09-CV-5129 (AYS), 2017 WL 1274051, at *2 (E.D.N.Y. Mar. 3, 2017) and *Marshall v. Downey*, No. 09-CV-1764 (ARR) (LB), 2010 WL 5464270, at 7 (E.D.N.Y. Dec. 27, 2010) (discussion of notice requirement).

Here, Stacey and Donald's state law claims include negligence involving Moving Defendants' breach of duty; certain contract-based claims involving their asserted status as intended third-party beneficiaries of the contractually-governed foster care relationship between Defendant NYC and Defendant SCO; and certain state law intentional tort claims against Defendant NYC for malicious prosecution and/or abuse of process. To the extent that the FAC includes negligence-based claims, they are dismissed for Stacey and Donald's failure to serve a notice of claim. This is because the notice of claim requirements do not apply to the contract-based claims and/or intentional tort claims but only apply to certain types of state law tort claims for damages involving the unintentional negligence (or unintentional wrongdoing) of a municipality. *See, e.g., Hoydal v. City of New York*, 154 A.D.2d 345, 346 (App.Div. 2d Dep't

11

1989) (notice of claim requirements inapplicable where plaintiff's claim sounds in contract and not in tort); General Municipal Law 50-e and 50-i (solely applying to certain types of state law tort claims for damages involving the unintentional negligence, or unintentional wrongdoing, of a municipality).

Thus, Stacey and Donald's state law claim for negligence should be dismissed for failure to file a notice of claim.

### C. Peter Rizzuto's State Law Claims Must Be Dismissed

Defendant NYC argues that although Peter filed a Notice of Claim, he did not appear for a 50-h hearing. *See* Def.'s Mot. to Dismiss, DE 128-16,17. Peter opposes.

"Wherever a notice of claim is filed against a city, … the city shall have the right demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made." N.Y. Gen. Mun. Law. ¶ 50-h (McKinney). "No action shall be commenced against the city … unless the claimant has duly complied with such demand." *Id*. Such requirements are strictly construed and result in dismissal for failure to state a cause of action. *Fernandez v. City of New York*, 457 F.Supp.3d 364, 396 (S.D.N.Y. 2020); *see also Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 79394 (2d Cir. 1999); *Gilliard v City of New York*, No. 10. Civ. 5187 (NGG), 2013 WL 521529 at 16 (E.D.N.Y. 2013). The City is required to reschedule a 50-h hearing if the claimant requests an adjournment or postponement of the hearing. *Id*. However, "[s]everal courts have held ... that a plaintiff's failure to attend a [§] 50-h [h]earing—no matter the reason—is a complete bar to his state law claims against the City." *Duncan v. City of New York*, 11 Civ. 3901 (ENV), 2018 WL 3421312, at *3 (E.D.N.Y. July 13, 2018) (quoting *Kennedy v. Arias*, No. 12 Civ. 4166 (KPF), 2017 WL 2895991, at 13 (S.D.N.Y. July 5, 2017)).

12

Here, after receiving Peter's Notice of Claim, Defendant NYC exercised its right to demand a 50-h hearing. Notice of the 50-h Hearing was mailed to Peter on April 17, 2019 and the deposition was scheduled for June 19, 2019. *See* Def.'s Mot. to Dismiss, DE 128-17. Peter failed to attend, adjourn or reschedule this 50-h hearing. "[I]f the claimant fails to appear at the hearing or request an adjournment or postponement," the state-law claims are precluded. *Gilliard v. City of New York*, No. 10 Civ. 5187 (NGG), 2013 WL 521529, at 16 (E.D.N.Y. Feb. 11, 2013) (citing N.Y. Gen. Mun. Law § 50-h(5)) (internal quotations omitted). Here again, "[n]otice of claim requirements are construed 'strictly' and '[f]ailure to comply with these requirements ordinarily requires dismissal[.]" *Id*. (citing *Hardy*, 164 F.3d at 793-94). "[P]laintiff's failure to attend a 50-h Hearing—no matter the reason—is a complete bar to his state law claims against the City." *Id*. "Disregarding any proffered reason is also good policy: while the City must handle the rescheduling of thousands of 50-h Hearings, a plaintiff is only concerned with [his] own and is in a better position to ensure that the parties are on the same page." *Id*.

Thus, this Court respectfully recommends that Peter's state law claims must be dismissed for his failure to attend the 50-h hearing.[3]

## IV.    CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiffs Donald and Stacey should not be entitled to relate their long-time barred claims to the filing of the original complaint and their claims stated in the FAC should be dismissed; Stacey and Donald's state law

---

[3] To the extent that a "public rights" exception even exists to the General Municipal Law, as Plaintiff suggests, no such exception is applicable in this case because "it is clear that plaintiff's action was not brought to vindicate a public interest, insofar as that principle would entitle [him] to a complete waiver of the notice requirement. [His] allegations of actionable conduct on the part of the [defendants] refers only to conduct that relates to [him]." *Mills v. County of Monroe*, 59 N.Y.2d 307, 312 (1983) (declining to find a "public rights" exception).

claim for negligence must be dismissed for failure to serve a notice of claim; and Peter's state law claims must be dismissed for failure to attend the 50-h hearing.

V.      **OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at 30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

    /s/ Steven L. Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       February 24, 2023