UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Matthew Rizzuto; Peter Rizzuto; Stacey Rizzuto;
and Donald Rizzuto,

                           Plaintiffs,

          -against-

The City of New York; The City of New York
Administration for Children's Services; SCO Family
of Services; Susan Doerrbecker; Jeffrey Blinkoff;
and Carrieri & Carrieri, P.C.,

                        Defendants.
------------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

**MEMORANDUM & ORDER**
17-CV-07381 (DG) (ST)

On June 6, 2022, Defendant The City of New York ("City of New York"), sued as The City of New York and The City of New York Administration for Children's Services ("NYC-ACS"), moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") to dismiss certain claims contained in Plaintiffs' Amended Complaint, ECF No. 86. Specifically, Defendant City of New York moved (1) to dismiss as time-barred the claims of Plaintiffs Donald Rizzuto and Stacey Rizzuto (collectively, the "Parents") brought pursuant to 42 U.S.C. § 1983 and state law; (2) to dismiss the Parents' state law claims for failure to comply with notice of claim requirements; and (3) to dismiss Plaintiff Peter Rizzuto's state law claims for failure to attend the hearing required by N.Y. Gen. Mun. Law § 50-h (the "50-h hearing"). *See generally* ECF No. 128.  Also on June 6, 2022, Defendant SCO Family of Services ("SCO") moved pursuant to Rule 12(b)(6) to dismiss the Parents' claims as time-barred.  *See generally* ECF No. 129.  Plaintiffs opposed both Motions to Dismiss.  *See* ECF No. 130.[1]

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

On February 24, 2023, Magistrate Judge Steven Tiscione issued a Report and Recommendation ("R&R") recommending that Defendant City of New York's Motion to Dismiss be granted and that Defendant SCO's Motion to Dismiss be granted. *See* R&R at 2, ECF No. 135.  More specifically, Judge Tiscione recommended (1) that the Parents' claims be dismissed as time-barred; (2) that the Parents' state law claim for negligence alternatively be dismissed for failure to serve a notice of claim; and (3) that Plaintiff Peter Rizzuto's state law claims be dismissed for failure to attend the 50-h hearing. *See generally* R&R.  With respect to the issue of the timeliness of the Parents' claims, Judge Tiscione recommended that the Parents "not be entitled to relate their long-time barred claims to the filing of the original complaint" and noted that "even if the claims of [the Parents] could be related back to the filing of the original complaint . . . they would still be well beyond the three-year statute of limitations." *See* R&R at 10 & n.2.[2]

On April 11, 2023, Plaintiffs filed objections to the R&R.  *See* Plaintiffs' Objection to R&R ("Pls.' Obj. Br."), ECF No. 137.[3]  In their objections brief, Plaintiffs object to the R&R's recommendation that the Parents' claims be dismissed as time-barred, arguing that the Parents' claims should be found to be timely under relation-back principles. *See generally* Pls.' Obj. Br. Although the briefing principally focuses on relation-back with respect to the federal claims, *see*

---

[2]  As noted in the R&R, the parties agree that Defendant NYC-ACS was improperly named in this action, and Plaintiffs' claims against Defendant NYC-ACS are deemed to have been solely interposed against Defendant City of New York.  *See* R&R at 2 n.1.  The Clerk of Court is directed to amend the caption to remove NYC-ACS as a defendant.

[3]  In a footnote in their objections brief, Plaintiffs seek leave to file their objections late.  *See* Pls.' Obj. Br. at 11-12 n.5.  The Court grants the request but reminds counsel that requests for extensions of deadlines must be made in accordance with the undersigned's Individual Practice Rules.  *See* Individual Practice Rule I.F.  Counsel is further reminded that footnotes must be in 12-point font.  *See* Individual Practice Rule III.C.2.

*generally* Pls.' Obj. Br., in a footnote on the last page of their brief, Plaintiffs reference relation-

back in the context of the state law claims, *see* Pls.' Obj. Br. at 22-23 n.6.[4]

Defendant City of New York did not file any objections to the R&R but did file an

opposition to Plaintiffs' objections, arguing that Judge Tiscione correctly concluded that the

Parents' claims are time-barred and should be dismissed.  *See generally* Defendant City of New

York's Memorandum of Law in Opposition to Plaintiffs' Objections, ECF No. 138 (arguing that

Judge Tiscione properly concluded that the Parents' claims did not relate back).  Defendant SCO

did not file any objections to the R&R and did not file a response to Plaintiffs' objections.  *See*

*generally* docket.

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P.

72(b)(3).  A district court "shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de

novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista*

*Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of

the magistrate judge's recommendation that has been properly objected to must be reviewed by

the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178,

2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022).  To accept those portions of an R&R to

which no timely objection has been made, however, "a district court need only satisfy itself that

there is no clear error on the face of the record."  *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz*

---

[4] Plaintiffs have requested oral argument on their objections.  *See* Pls.' Obj. Br. at 1.  That
   request is denied in light of Plaintiffs' briefing, which extensively sets forth Plaintiffs'
   arguments.

*v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

In light of Plaintiffs' objections to the R&R, s*ee generally* Pls.' Obj. Br., the Court reviews *de novo* the R&R with respect to its recommendation that the Parents' claims be dismissed as time-barred.  A review of the R&R, the record, and the applicable law reveals that Judge Tiscione properly concluded that the Parents' claims are time-barred.  The Court therefore adopts the R&R's recommendation that the Parents' claims as against Defendants City of New York and SCO be dismissed as time-barred.  The Court need not – and does not – reach the issue of whether the Parents' state law claims should also be dismissed on other grounds.

Because no party has objected to the R&R's recommendation that Plaintiff Peter Rizzuto's state law claims be dismissed, the Court's review of the R&R with respect to that recommendation is for clear error.  Having reviewed the R&R and having found no clear error, the Court adopts the R&R's recommendation that Plaintiff Peter Rizzuto's state law claims as against Defendant City of New York be dismissed.

In sum, (1) the claims of Plaintiffs Donald Rizzuto and Stacey Rizzuto as against Defendants City of New York and SCO are dismissed as time-barred; and (2) the state law claims of Plaintiff Peter Rizzuto as against Defendant City of New York are dismissed for failure to attend the 50-h hearing.  Defendant City of New York's Motion to Dismiss, ECF No. 128, and Defendant SCO's Motion to Dismiss, ECF No. 129, are GRANTED.

\* \* \*

The parties are directed to, by July 14, 2023, file a joint letter setting forth proposed dates for a status conference to be held before Judge Tiscione.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: July 11, 2023
        Brooklyn, New York